UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDGARDO RODRIGUEZ | ) Cv. No. 05-30170-MAP |
| | ) Cr. No. 98-30026-MAP |
| v. | ) |
| UNITED STATES OF AMERICA | ) |

### GOVERNMENT'S RESPONSE TO EDGARDO RODRIGUEZ'S MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE

The United States of America, by its undersigned attorneys, submits this memorandum in response to Edgardo Rodriguez's 28 U.S.C § 2255 Motion and Memorandum.

I.  Background

On May 28, 1998, the defendant was indicted by a grand jury in a three-count Indictment. Count One charged that the defendant with possessing with intent to distribute heroin in violation of 21 U.S.C. § 841; in Count Two with using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c); and in Count Three with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), all on April 28, 1998. On August 17, 1998 and evidentiary hearing was held on the defendant's motion to suppress which was denied on October 22, 1998. On January 25, 1999, pursuant to a plea agreement, Edgardo Rodriguez pled guilty to Count One and the government agreed to dismiss Counts Two and Three of the above referenced Indictment. Because of his prior

1

convictions if the defendant were convicted, he faced a 15 year minimum mandatory on Count Three and on Count Two would have received a five year consecutive sentence. On May 4, 1999, he was sentenced to 151 months in prison, the low end of the applicable guideline, by Senior District Judge Frank H. Freedman. The defendant waived his right to a direct appeal in the plea agreement. After receiving an extension of time, the defendant filed a motion pursuant to 28 U.S.C. § 2255 on June 22, 2000. On March 2, 2001, Judgment in favor of the government was entered.

The defendant now seeks to have his sentence vacated, his conviction reversed and to be released from custody. He now alleges that his "Sixth Amendment right to trial by jury was violated when the Court sentenced him pursuant to 'relevant conduct' which was not proven beyond a reasonable doubt or stipulated to"; that "petitioner did not waive his Sixth Amendment right to be sentenced pursuant to 'a Constitutional sentencing guidelines regime'" and that "petitioner must make his Apprendi/Blakely/Booker claim within one year of a Supreme Court decision recognizing a new right, regardless of any retroactivity decision by the U.S. Supreme Court itself." Motion at 5.

The government responds below these issues. For the reasons set forth herein, the Court should deny the defendant's motion.

II. Facts

On April 28, 1998, members of the DEA's Western

Massachusetts Narcotics Task Force (TF) were surveilling Rodriguez. They believed they observed him conduct a drug deal and one member of the TF followed Rodriguez through city streets in Springfield. Rodriguez observed the agent and began to drive erratically and entered Interstate 91 north. A high speed chase ensued and Rodriguez exited Interstate 91 and drove north on state route 5 near the West Springfield/Holyoke line.

Uniformed officers from Holyoke, who were called by the TF agents for assistance, attempted to box in Rodriguez's car at a traffic light. Rodriguez turned around and drove southbound in the northbound lanes of route 5 and attempted to enter Interstate 90, the Massachusetts Turnpike, in West Springfield where he was finally stopped. TF agents observed Rodriguez throw something out the window during the chase and that day retrieved approximately 8 grams of heroin from the side of the road. Two days later, acting on a tip, TF agents found a .25 caliber pistol which Rodriguez had also thrown out the window with the drugs. Subsequently, Maria Vargas, who was a passenger in the car during the chase, testified that Rodriguez threw both the heroin and gun out the window during the chase.

III. Rodriguez's § 2255 Motion is a Second Petition Barred by the AEDPA.

The Antiterrorism and Effective Death Penalty Act ["AEDPA"], established both procedural and substantive limits on repeat applications for collateral relief, referred to as the statute's

"gatekeeping" requirements. The final paragraph of Section 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence that establishes the prisoner's innocence, or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. 2255 ¶ 8. Section 2244 of Title 28 sets out the certification procedures that must be followed. It provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. 2244(b)(3)(A).

Rodriguez previously filed a § 2255 motion on June 22, 2000 which was denied by the Court on March 2, 2001. As set forth below, the Supreme Court has not made retroactive any new rule of constitutional law relevant to this case, therefore Rodriguez's current § 2255 petition is barred by the AEDPA.

IV.  Booker is not Retroactive

The defendant's main argument is, in essence, that the Supreme Court's recent decision in United States v. Booker, 125 S.Ct. 738 (2005), has been or should be found to have retroactive effect. This argument was recently foreclosed by the First Circuit. In United States v. Cirilo-Munoz, 404 F.3d 527 (1st

4

Cir. 2005)(remanded on other grounds), the Court reviewed the circumstances under which a Supreme Court decision is held to be retroactive. The Court noted that "[o]nly in limited circumstances do new rules apply to convictions that have already become final. These exceptions include rules that 'prohibit criminal punishment for certain types of primary conduct,' and those that 'forbid the imposition of certain categories of punishment for particular classes of defendants.' Neither rubric describes this case. Otherwise, new rules are applied retroactively to cases already final only if they are 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. at 532(internal citations omitted).

The Court found "[i]n our view, the use of judge-made findings at sentencing does not undermine 'accuracy (in terms of substantially different outcomes) or undermine fundamental fairness. Such judge-made findings have been the conventional practice throughout our nation's history. They will, post-Booker, continue to be the rule where the sentence is within statutory limits. We have already decided that Apprendi, which provides jury trials for increasing statutory maximums, would not apply retroactively. This resolves any comparable Blakely-like claim in this circuit." Id. at 533(internal citations omitted).

The Court concluded by finding "it is unlikely that the

Supreme Court will adopt a retroactivity analysis that opens up t required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987. This would comprise tens of thousands of sentences imposed under a regime whose lawfulness was assumed during most of this period. If such a vast reopening of final judgments is required, it must await a decision of the Supreme Court. Certainly Booker itself does not give any clear hint that retroactive effect is intended." Id. Therefore, the defendant's reliance on Booker to require that his conviction be set aside is misplaced.

V.   Conclusion

For the reason set forth above, the defendant's motion to vacate, set aside or correct his sentence should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

by: /s/
TODD E. NEWHOUSE
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

Hampden, ss.                         Springfield, Massachusetts
                                     September 16, 2005

I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served, by first class mail, a copy of the foregoing, to Edgardo Rodriguez, pro-se, Reg. No. 90441-038, FCI Ft. Dix, P.O. Box 7000 West, Fort Dix, NJ 08640.

6

_____
TODD E. NEWHOUSE
Assistant U.S. Attorney

7